UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUNTAYE HALL-COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01565-SRC |
| | ) | |
| LINCOLN COUNTY, MISSOURI and | ) | |
| J. DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum and Order

Shauntaye Hall-Cooper sued Lincoln County Sheriff's Department and Doe Defendants 1–10 in the Circuit Court of Lincoln County, Missouri. She alleges that her daughter, Lacy Hall-Smith, died of fentanyl overdose when Hall-Smith was an inmate at Lincoln County Jail. Lincoln County removed this case and filed a motion to dismiss. For the reasons stated below, the Court grants Lincoln County's Motion.

## I.    Background

### A.    Factual background

The Court accepts the following well-pleaded facts from Hall-Cooper's Amended Petition as true for purposes of this Memorandum and Order. Hall-Smith was an inmate at Lincoln County Jail. Doc. 11 at ¶ 3. On February 20, 2022, another inmate brought in fentanyl capsules hidden inside her anal or vaginal region—no one searched her before housing her at the jail. *Id.* at ¶ 10. That inmate—who was a fugitive from the State of Illinois for drug-related charges—provided Hall-Smith with fentanyl capsules. *Id.* at ¶¶ 10–11. Hall-Smith ingested the capsules the night before her death. *Id.* at ¶ 12. Later, Hall-Smith was lying on the floor unconscious and unresponsive, but no correctional officer walked through the area near Hall-Smith's cell. *Id.* at ¶¶ 14–16. Although various detainees alerted correctional officers that Hall-

Smith "was in serious trouble and maybe dying," correctional officers delayed their entry into Hall-Smith's cell. *Id.* at ¶¶ 17–18.  When officers finally entered, instead of rendering aid, they contacted Lincoln County's Emergency Medical Services.  *See id.* at ¶ 19.  EMS personnel arrived and found that Hall-Smith's heart had stopped.  *Id.* at ¶ 20.

There is some unclarity regarding the date of Hall-Smith's death.  In one paragraph of her Amended Petition, Hall-Cooper asserts that her daughter died on February 21, 2020.  *Id.* at ¶ 1. In another paragraph, she instead says her daughter died on February 21, 2022.  *Id.* at ¶ 13. Because Hall-Cooper's Amended Petition lists 2022 as the year of the other inmate's bringing fentanyl into the jail, *id.*, and Hall-Cooper's response to Lincoln County's Motion to Dismiss discusses Hall-Smith's death as occurring in 2022, *see* doc. 22 at 2, 4–5, the Court treats as a typo Hall-Cooper's asserting Hall-Smith's year of death as 2020, doc. 11 at ¶ 1 (The Court cites to page numbers as assigned by CM/ECF.).

## B.    Procedural background

On February 21, 2025, Hall-Cooper filed this action in the Circuit Court of Lincoln County, Missouri against Lincoln County and unknown Doe Defendants 1–10.  *See* doc. 5. Lincoln County filed a motion to dismiss on September 25, 2025.  *See* doc. 8.  One day later, Hall-Cooper moved for leave to file an amended petition, which the Lincoln County Circuit Court granted.  *See* doc. 10.  Based on the Amended Petition's inclusion of a paragraph invoking the Fourteenth Amendment, doc. 11. at ¶ 27, Lincoln County timely removed this case on October 20, 2025, *see* doc. 1; 28 U.S.C. § 1446(b)(3) (permitting defendants to remove a case within 30 days of receiving an amended pleading if the amendment newly indicates a basis for removal).  Lincoln County then filed the present Motion to Dismiss.  Doc. 3.

Hall-Cooper responded to the motion, doc. 20, after receiving some extensions of time to do so, docs. 16–19.  Hall-Cooper then sought leave to amend her response, doc. 21, which the

2

Court granted, doc. 23.  Lincoln County then filed its reply one day later, doc. 24, making the Motion ripe for the Court's review.

## II.     Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citation omitted).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 354–55 (8th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although courts must accept all factual allegations as true, they are not bound to take as true a

legal conclusion couched as a factual allegation. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

Additionally, when evaluating a motion to dismiss, the Court generally may not consider matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). But courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2017) (quoting *United States ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 696 (8th Cir. 2014)). They may also consider materials in the record "necessarily embraced by the pleadings." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

"Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (citing *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir.2003)).

## III.   Discussion

Hall-Cooper's Amended Petition, titled "First Amended Petition for Wrongful Death," raises wrongful-death claims against Lincoln County and Doe Defendants 1–10 for the death of Hall-Smith. *See generally* doc. 11. Her petition appears to allege Lincoln County's liability based on its own actions, *id.* at ¶¶ 27–31, as well as for the acts and omissions of Doe Defendants 1–10, *id.* at ¶ 8.

The Court also finds that Hall-Cooper alleges Fourteenth Amendment claims against Lincoln County and Doe Defendants 1–10. She claims in her Amended Petition that Lincoln County had a "policy or practice of refusing to train correctional staff in recognizing and responding to an overdose." *Id.* at ¶ 35. She also mentions that "detainees have a right under the

Fourteenth Amendment to have their serious medical needs attended to." *Id.* at ¶ 27. And

"[e]ach of the [d]efendants, individually and in concert with one another, acted under the color of

State law in both his/her individual and official capacities to deprive Mrs. Smith of her right to

adequate and/or proper care and supervision, including medical care." *Id.* at ¶ 37. Lincoln

County removed this case on the basis that Hall-Cooper's Fourteenth Amendment claims gave

the Court federal-question jurisdiction. *See* doc. 1 at ¶¶ 3–6.

### A.   Wrongful-death claim

Lincoln County argues that the Court should dismiss Hall-Cooper's wrongful-death

claims against it for three reasons: the County is improperly named in Hall-Cooper's petition, it

is entitled to sovereign immunity, and the wrongful-death statute of limitations—codified in Mo.

Rev. Stat. § 537.100—bars her claim. Doc. 4 at 2, 7. The Court need not address Lincoln

County's other arguments for dismissal because it finds that Lincoln County is entitled to

sovereign immunity.

Missouri law "affords public entities sovereign immunity from tort actions." *Gregg v.*

*City of Kan. City*, 272 S.W.3d 353, 358 (Mo. Ct. App. 2008) (citation omitted). And "[u]nless

expressly waived by statute, sovereign immunity bars suit against the government or its

subdivisions for the actions of their employees." *Brentwood Glass Co., Inc. v. Pal's Glass Serv.,*

*Inc.*, 499 S.W.3d 296, 305 (Mo. 2016) (en banc) (citation omitted). Missouri law provides that

every "[c]ounty—as a political subdivision—is immune from suit under the doctrine of

sovereign immunity." *Id.* (citation omitted). And "the governing body of each political

subdivision of this state . . . may purchase liability insurance for tort claims." Mo. Rev. Stat.

§ 537.610. Such a purchase "waive[s]" "[s]overeign immunity . . . only to the maximum amount

of and only for the purposes covered by such policy of insurance." *Id.*

But when a municipal entity purchases an insurance policy that "expressly disclaims a waiver of sovereign immunity, . . . the [entity] [does] not waive sovereign immunity." *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 372 (Mo. 2016); *see also State ex rel. Bd. of Trs. v. Russell*, 843 S.W.2d 353, 360 (Mo. 1992) (en banc) ("The endorsement disclaiming coverage of any claim barred by the doctrine of sovereign immunity avoids any waiver of sovereign immunity in this suit.").

Hall-Cooper alleges in her Amended Petition that "Defendant Lincoln County . . . had purchased and had in effect a policy of insurance," doc. 11 at ¶ 41, and that the "purchase of that insurance constitutes a waiver of sovereign immunity," *id.* at ¶ 42. Hall-Cooper says the same in her amended response to the Motion to Dismiss. *See* doc. 22 at 7. Curiously, she then contradicts herself by saying that the insurance policy "does not waive sovereign immunity for this cause of action." *Id.* It is unclear whether Hall-Cooper intended such a contradiction, or whether the latter statement was a scrivener's error; nevertheless, the Court finds that Lincoln County's insurance policy does not waive the County's sovereign immunity.

Lincoln County attaches to its reply brief its insurance policy that was active on February 21, 2022—the day Hall-Smith allegedly died. *See* doc. 24-1 at 1. Because Hall-Cooper's Amended Petition discusses this policy, doc. 11 at ¶¶ 41–42, the Court may consider it when deciding the Motion to Dismiss. *See Ashanti*, 666 F.3d at 1151 (noting that when examining a motion to dismiss, courts can examine documents whose contents a plaintiff's complaint alleges and whose authenticity no party questions); *see also Noah v. Saint Louis Cnty.*, No. 4:06-cv-00591-CDP, 2007 WL 1018671, at *2 (E.D. Mo. Mar. 29, 2007) (examining a county's insurance policy attached to its reply brief to determine whether it waived its sovereign immunity).

6

Lincoln County's policy states:  "[n]othing contained in this section, or the balance of this document, shall be construed to . . . abolish or waive any defense at law which might otherwise be available to the Member Agency or its officers and employees."  Doc. 24-1 at 24. In *Topps v. City of Country Club Hills*, 272 S.W.3d 409 (Mo. Ct. App. 2008), the Missouri Court of Appeals held that the same language, *id.* at 412, "acts to retain the City's sovereign immunity," *id.* at 418.  In *Cox v. Callaway County Sheriff's Department*, the Missouri Court of Appeals similarly concluded that such language "ma[d]e clear that sovereign immunity is not waived."  663 S.W.3d 842, 851–52 (Mo. Ct. App. 2023).  Here, the language expressly disclaims any waiver of sovereign immunity.  *See Grate*, 490 S.W.3d at 372; *Russell*, 843 S.W.2d at 360. Therefore, the Court finds that Lincoln County did not waive its sovereign immunity. Accordingly, the Court dismisses Hall-Cooper's wrongful-death claims against Lincoln County because of Lincoln County's sovereign immunity from suit.

**B.      Fourteenth Amendment claim**

Lincoln County then argues that Hall-Cooper fails to state a Fourteenth Amendment claim against it, because respondeat superior does not apply, and she does not allege that Lincoln County has an unconstitutional policy or custom sufficient to make it liable.  *See* doc. 4 at 7. Hall-Cooper now claims, however, that she never pleaded a Fourteenth Amendment claim in the first place.  In her response to Lincoln County's Motion to Dismiss, she argues that she "filed this present action alleging a *single state law claim of wrongful death* pursuant [to] Missouri Statute § 537.080," and that "while [s]aid petition may reference constitutional violations[,] *this lawsuit is solely a wrongful death claim*."  Doc. 22 at 3 (emphasis added).

The Court finds that Hall-Cooper is rewriting her Amended Petition, which the Court finds raises Fourteenth Amendment claims.  True, Hall-Cooper titles her original Petition and Amended Petition as petitions for "wrongful death."  Docs. 5, 11.  But her Amended Petition

7

specifically includes paragraphs about the Fourteenth Amendment not contained in her original Petition. *Compare* doc. 11 at ¶¶ 27, 35, 37 *with generally* doc. 5. If Hall-Cooper seeks to amend her pleading to remove her Fourteenth Amendment claims, Federal Rule of Civil Procedure 15 provides her with the process for doing so. *See* Fed. R. Civ. P. 15; *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1992) (noting that the Federal Rules of Civil Procedure "govern procedure after removal" (citing Fed. R. Civ. P. 81(c))). But she may not amend her pleading "by [her] brief[] in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989).

Hall-Cooper's attempted revision of her petition still has force, however. The Court treats her statements, doc. 22 at 3, as a concession that she fails to state a Fourteenth Amendment against Lincoln County in her Amended Petition. *See Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023) ("Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." (citation omitted)); *cf. Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014). Accordingly, the Court dismisses Hall-Cooper's Fourteenth Amendment claim against Lincoln County.

### C.      Remaining claims against Doe Defendants 1–10

Now that the Court has dismissed Hall-Cooper's wrongful-death and Fourteenth Amendment claims against Lincoln County, only her wrongful-death and Fourteenth Amendment claims against Doe Defendants 1–10 remain. Doc. 11 at ¶ 37. And because Hall-Cooper states that she didn't plead any Fourteenth Amendment claims in her Amended Petition, the Court construes this as a concession that she fails to state Fourteenth Amendment claims against Doe Defendants 1–10. Doc. 22 at 3. Therefore, to the extent that Hall-Cooper alleges Fourteenth Amendment claims against Doe Defendants 1–10, the Court dismisses these claims.

8

*See Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (District courts "may . . . sua sponte dismiss a case pursuant to Rule 12(b)(6)." (citing *Smith v. Boyd*, 945 F.2d 1041, 1042–43 (8th Cir. 1991))).

This leaves Hall-Cooper's wrongful-death claim against Doe Defendants 1–10, doc. 11 at ¶¶ 28–29, 32, 34, 36, 38–40, which is a state-law claim, *see* Mo. Rev. Stat. § 537.080. Lincoln County removed this case to this Court on the basis of federal-question and supplemental jurisdiction. *See* doc. 1 at ¶¶ 3–6. Because this is the only basis for subject-matter jurisdiction that Lincoln County pleads, the Court declines to exercise supplemental jurisdiction "[w]here, as here, resolution of the remaining claims depends solely on a determination of state law." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (citation omitted).

Accordingly, the Court remands the case to the Circuit Court for Lincoln County. *See* 28 U.S.C. § 1367(c)(3); *In re Prairie Island Dakota Sioux*, 21 F.3d 302, 304 (8th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (finding that a district court correctly exercised its discretion to remand state law claims after dismissing federal claims).

## IV.     Conclusion

Accordingly, the Court grants Lincoln County's [3] Motion to Dismiss and remands this case to the Circuit Court of Lincoln County, Missouri. A separate Order of Remand accompanies this Memorandum and Order.

So ordered this 22nd day of June 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

9